SMITH (UNION BANK OF GEORGE-TOWN v.). See Case No. 14,362.

## Case No. 13,121.

### SMITH v. UNION PAC. R. CO.

[2 Dill. 278.] 1

Circuit Court, D. Nebraska. 1872.

COURTS—FEDERAL JURISDICTION—UNION PACIFIC RAILROAD COMPANY CHARTER.

Under the act of congress creating the Union Pacific Railroad Company (12 Stat. 489, § 1), the federal courts have jurisdiction in actions by and against that corporation whenever these courts would have jurisdiction of the same class of actions between other parties.

[Cited in Bauman v. Union Pac. R. Co., Case No. 1,117.]

The plaintiff is a citizen of the state of Ohio, and brings suit to recover damages for injuries received while coupling cars on defendant's road, and while in the employ of defendant as a brakeman. The defendant demurred to the complaint on the ground that the court had no jurisdiction of the person of the defendant or of the subject-matter of the action. The demurrer was submitted to Mr. Justice MILLER, at the May term, 1872, and taken by him under advisement.

Mr. Redick and Mr. Howe, for plaintiff.
Poppleton & Wakeley, for defendant,

MILLER, Circuit Justice. The act of congress creating the defendant corporation (12 Stat. 490) contains this provision: "The Union Pacific Railroad Company" by "that name shall have perpetual succession, and shall be able to sue and to be sued, plead and be impleaded, defend and be defended, in all courts of law and equity within the United States, and may make and have a common seal," etc., (section 1).

I have examined the previous decisions of the supreme court of the United States supposed to have an important bearing on the question now presented, and, after reflection, am still of opinion that congress intended to make the defendant capable of suing and being sued in the federal courts which have jurisdiction of the same class of actions between other parties. Demurrer overruled.

NOTE. The previous decisions of the supreme court referred to are: Bank of U. S. v. Deveaux, 5 Cranch [9 U. S.] 61, 1809, holding that the charter of the Bank of the United States did not enable it to sue in the courts of the United States. The language of the charter was, "to sue and be sued * * * in courts of record, or in any other place whatsoever." Bank of U. S. v. Martin, 5 Pet. [30 U. S.] 479; Osborn v. Bank of U. S., 9 Wheat. [22 U. S.] 738, 1824. The court holds in this case that the act of congress then before it did give, in terms, the bank the right to sue in the circuit court, and that under the constitution it was

competent to congress to confer such jurisdiction. Bank of U. S. v. Northumberland Bank [Case No. 931].